IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTHUR McLORN, III, </br></br>    Plaintiff, </br></br> v. </br></br> COMMUNITY HEALTH SERVICES </br> d/b/a HEARTLAND REGIONAL MEDICAL </br> CENTER and CAROL STRICKLIN, in her official </br> And individual capacity, </br></br>    Defendants. | Case No. 05-cv-4198-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon the defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 9).  Plaintiff Arthur McLorn, III, ("McLorn") has responded to the motion (Doc. 19), and the defendants have replied to that response (Doc. 22).

**I.    Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff.  *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005);  *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000).  The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint.  *Brown*, 398 F.3d at 908-09; *Holman*, 211 F.3d at 405.  "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate."  *Brown*, 398 F.3d at 909 (internal quotations omitted).

**II.    Allegations in Complaint**

McLorn's complaint alleges the following relevant facts.  Beginning in August 2004, he was employed as a housekeeper by defendant Community Health Systems, Inc. (misnamed in the complaint as Community Health Services, Inc.), doing business as Heartland Regional

Medical Center ("Heartland").  As a part of his job cleaning biohazardous materials, McLorn was required to wear protective gear, including synthetic latex gloves.  During his employment at Heartland, he developed an allergy to synthetic latex that caused his skin to itch, become irritated and break out into a rash.  The allergy also aggravated his preexisting hypertension.

In November 2004, McLorn's reaction to latex became so severe that he visited Heartland's emergency room twice during his work shifts.  His doctor then diagnosed him with latex allergy and recommended that he not wear latex gloves for two weeks.

Initially, Heartland abided by this recommendation and assigned him to jobs that did not require synthetic latex protective gear, but before the two weeks had passed, it again required McLorn to don synthetic latex gloves.  McLorn requested that Heartland provide him with alternative gloves, but Heartland refused his request.  McLorn wore the synthetic latex gloves provided to him, and his skin problems worsened, eventually causing blisters to develop on his hands, arms, ears and other places where the synthetic latex gloves came into contact with his skin.  The blisters were very painful, inhibiting his upper body movement and impairing his ability to perform manual tasks and to sleep.  Exposure to synthetic latex gloves also aggravated his hypertension, causing him to become dizzy and lightheaded and impairing his ability to concentrate.

On January 12, 2005, Heartland terminated McLorn because he was unable to wear synthetic latex gloves.

McLorn filed a timely charge with the Equal Employment Opportunity Commission and  filed this timely lawsuit on October 18, 2005.  Count I alleges a claim against Heartland under Title I of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, based on Heartland's (1) failure to accommodate his disability by providing alternative gloves, (2) decision to terminate him because of his disability and (3) otherwise

discriminating against him based on his record of disability or its perception that he was disabled. Count II alleges a claim against Heartland under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, based on the same conduct as alleged with respect to Count I. Count III alleges a state law claim against defendant Carol Stricklin ("Stricklin"), McLorn's direct supervisor, in her individual and official capacities, for negligent infliction of emotional distress for failing to provide him alternative gloves.

The defendants ask the Court to dismiss Counts I and II on the grounds that, as a matter of law, allergy to synthetic latex is not a disability and that McLorn cannot show that he has a record of disability or that Heartland regarded him as having a disability. They ask the Court to dismiss the official capacity claims against Stricklin in Count III as duplicative of Counts I and II and the individual capacity claims against Stricklin in Count III on the grounds that they are preempted by the Illinois Human Rights Act, 775 ILCS 5/101 *et seq.*, and the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.*, that McLorn has failed to allege a duty Stricklin owed to him, and that Stricklin cannot be individually liable for claims which are essentially ADA and Rehabilitation Act claims.

In response, McLorn concedes that he has not sufficiently pled Count III and asks the Court to allow him to withdraw that claim. The Court construes this request as a motion to voluntarily dismiss Count III under Federal Rule of Civil Procedure 41(a)(2), will grant that motion and will dismiss Count III without prejudice. The Court now turns to Counts I and II.

**III.    Analysis**

The ADA provides, in pertinent part, that an employer shall not "discriminate against a qualified individual with a disability." 42 U.S.C. § 12112(a). It also requires employers to provide reasonable accommodations for the physical and mental limitations of qualified disabled employees to enable them to perform the essential functions of their jobs. 42 U.S.C.

§ 12112(b)(5)(A). The Rehabilitation Act incorporates these same prohibitions.[1] *See* 29 U.S.C. § 794(d).

To prove a discrimination claim or a failure to accommodate claim under either statute, a plaintiff must show, among other things, that he was a disabled person as defined by the ADA. *Jackson v. City of Chicago*, 414 F.3d 806, 810 n. 2 (7th Cir. 2005) (citing *Silk v. City of Chicago*, 194 F.3d 788, 798 n. 6 (7th Cir. 1999)) (discrimination); *Winfrey v. City of Chicago*, 259 F.3d 610, 614 (7th Cir. 2001) (failure to accommodate). Under the ADA, a person is "disabled" if he:

> (a) [h]as a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (b) has a record of such impairment; or
>
> (c) is regarded as having such an impairment.

*Mattice v. Mem'l Hosp. of S. Bend*, 249 F.3d 682, 684 (7th Cir. 2001); 42 U.S.C. § 12102(2). The defendants believe that McLorn cannot show under a set of facts consistent with those pled in the complaint that he is disabled under any of the three ways of establishing a disability.

    A.    <u>Impairment that Substantially Limits Major Life Activity</u>

The defendants believe that McLorn is unable to establish that he has a physical impairment (mental impairment is not at issue in this case) that substantially limits one or more of his major life activities. They first argue that as a matter of law synthetic latex allergy is not a disability. In support of this argument, they point to *Kristofor v. Schnibben*,

---

[1] The standards applicable to claims under the Rehabilitation Act are the same as the standards under the ADA except that under the Rehabilitation Act the plaintiff must also prove that he was involved in a program which received federal financial assistance. *Jackson v. City of Chicago*, 414 F.3d 806, 810 n. 2 (7th Cir. 2005) (citing *Silk v. City of Chicago*, 194 F.3d 788, 798 n. 6 (7th Cir. 1999)); *see* 29 U.S.C. § 794(d). Therefore, although the Court makes explicit reference only to the ADA in this section, its analysis applies equally to the Rehabilitation Act claim pled in Count II.

4

No. 02 C 1859, 2003 WL 685819 (N.D. Ill. Feb. 26, 2003). In *Kristofor*, an orthodontist who had an allergy to latex sued her employer under the ADA for terminating her on the basis of her allergy. *Id.* at *1. She claimed that she was disabled by her latex allergy because it substantially limited her ability to work as an orthodontist and otherwise greatly inhibited her ability to lead a normal life. *Id.* at *2-*3. In ruling on the defendant's motion for summary judgment, the court noted that when an individual claims that an impairment substantially limits the major life activity of work, the limitation is substantial only if the individual is rendered unable to work in a broad class of jobs, not just a single, particular job. *Id.* at *2 (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491 (1999); 29 C.F.R. § 1630.2(j)(1)(I) & (ii) (1998)). The court found that the orthodontist had not alleged that her latex allergy had such a broad effect so, as a matter of law, she was not substantially impaired in the major life activity of working. *Id.* at *2. The court further found that there was no evidence to support the allegation that the orthodontist was otherwise inhibited in her normal life and, accordingly, granted summary judgment for the defendant. *Id.* at *3.

*Kristofor* can be distinguished from the case at bar. In that case, the plaintiff claimed that she was substantially impaired in the major life activity of working, but made allegations that were insufficient as a matter of law to establish the breadth of impairment required to support a finding that she was disabled. In this case, McLorn has alleged that he was substantially impaired in the major life activities of performing manual tasks, sleeping and concentrating. Unlike with the major life activity of working, these major life activities require no clearly defined threshold level of impairment before they can be considered substantially impaired. In fact, it is not inconceivable that McLorn may be able to prove that, in view of the pervasiveness of latex in everyday environments and products, his latex allergy substantially impaired his ability to perform manual tasks and to sleep. If McLorn is unable to produce evidence to establish a substantial limitation at a later stage of this case, the Court

5

will be required at that time to reject his claims, as the *Kristofor* court was required to do when the orthodontist was unable to support her allegation of other inhibitions to her normal life.

      The defendants' argument also fails to heed the lesson of *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999), that courts should not "declare that all individuals who suffer from a particular medical condition are disabled for the purposes of the Rehabilitation Act" or the ADA. *Branham v. Snow*, 392 F.3d 896, 902 (7th Cir. 2004) (citing *Sutton*, 527 U.S. at 483-84). "'[B]oth the letter and the spirit' of the ADA require an individualized assessment of each plaintiff's 'actual condition,' rather than a 'determination based on general information about how an uncorrected impairment usually affects individuals.'" *Branham*, 392 F.3d at 902-03 (quoting *Sutton*, 527 U.S. at 483-84). "An individualized inquiry into each plaintiff's condition remains the rule in cases under the Rehabilitation Act and the ADA." *Branham*, 392 F.3d at 903. Thus, that some courts have held that latex allergy does not render some individuals disabled does not foreclose the possibility that it may render McLorn disabled. *See, e.g., McAndrew v. Mercy Health Partners*, No. Civ. A. 3:CV-01-0317, 2003 WL 23573863, *6 (M.D. Pa. Dec. 3, 2003) (finding that latex allergy may limit plaintiff in the major life activity of socializing because it "has prevented her from going to restaurants, church, and even her son's school."). McLorn is entitled to an individual inquiry as to the limitations his latex allergy places on his ability to do manual tasks, sleep and concentrate.

      The Court notes that at this stage of the case, it is limited to considering the allegations in the complaint and the many, many additional facts that may be proved consistent with those allegations. The Court is well aware that when it comes time to present evidence – at the summary judgment stage or at trial – McLorn may not be able to prove the necessary facts to show that he was substantially impaired by his latex allergy. For example,

if he cannot prove that he suffered anything more than periodic episodes of allergic reactions that occurred only when he was in direct contact with latex and is otherwise asymptomatic, that may not be enough to convince a reasonable jury that his impairment was substantial. *See, e.g., Moore v. J.B. Hunt Transp., Inc.*, 221 F.3d 944, 952 (7th Cir. 2000) (intermittent flare-ups may not render a condition a "disability" under the ADA); *Land v. Baptist Med. Ctr.*, 164 F.3d 423, 424-25 (8th Cir. 1999) (peanut allergy did not substantially impair major life activity because breathing was only restricted during allergic reactions).

      B.      Record of Disability

The defendants argue that since McLorn did not suffer from a physical impairment that substantially limited a major life activity, he cannot establish that he had a record that reflected such an impairment. Because the Court holds that McLorn may be able to prove an actual substantial impairment, he may also be able to prove that his record contains evidence of that impairment, and dismissal is not warranted on this basis.

      C.      Regarded as Having a Disability

The defendants argue that McLorn's allegation that his latex allergy actually substantially impaired his ability to perform major life activities precludes him from proceeding under the "regarded as" prong of the disability analysis, which applies only where a plaintiff is *not* actually substantially limited or is substantially limited *only* because of the attitude of others. McLorn clarifies, however, that he has pled the "regarded as" theory in the alternative and that the appropriate theory has yet to be determined.

"A party may state as many separate claims or defenses as the party has regardless of consistency." Fed. R. Civ. P. 8(e)(2). "There is generally nothing wrong with alternative pleading. . . ." *Mizuho Corporate Bank (U.S.A.) v. Cory & Assocs.*, 341 F.3d 644, 651 (7th Cir. 2003); *see, e.g., Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003) (under the doctrine of pleading in the alternative, "a party is allowed to plead

7

breach of contract, or if the court finds no contract was formed, to plead for quasicontractual relief in the alternative.  Once a valid contract is found to exist, quasi-contractual relief is no longer available.").

In this case, if McLorn is able to establish that he has an impairment that substantially limits a major life activity, he will not be able to prevail on the "regarded as" theory.  On the other hand, if he is unable to make such a showing, he may prevail on the alternative theory.  *See, e.g., Coleman v. Keebler Co.*, 997 F. Supp. 1102, 1119 (N.D. Ind. 1998) (noting that where there are alternative theories of disability "the Plaintiff can prevail at trial on only one of these theories and the path to be followed will turn on which reasonable inference the jury ultimately draws from the evidence.").  At this time, the Court will not dismiss McLorn's claims because he has not yet decided which theory is appropriate.

### IV.     Conclusion

For the foregoing reasons, the Court grants McLorn's motion to withdraw Count III and **DISMISSES** Count III from the lawsuit **without prejudice**.  Because Count III was the only claim pled against defendant Stricklin, she is now terminated from this action.  The Court **DENIES** the defendants' motion to dismiss Counts I and II (Doc. 9).

                    s/ J. Phil Gilbert
                    **J. PHIL GILBERT**
                    **UNITED STATES DISTRICT COURT JUDGE**

                    **DATED:  April 25, 2006**

8